[No. 3115.]

## LEM STANDFORD v. THE STATE.

1. UNLAWFUL SALE OF LIQUORS—CHARGE OF THE COURT.—A single sale of intoxicating liquors does not of itself constitute pursuing or following the occupation of a liquor dealer within the purview of Article 110 of the Penal Code, and in charging that it does the trial court erred.
2. SAME—INTERPRETATION OF A STATUTE.—It is not the sale, but the following of the occupation of selling of intoxicating liquors without having first obtained license, that is the gravamen of the offense denounced by the statute of this State.
3. SAME—FACT CASE.—See the statement of the case for evidence *held* insufficient to support a conviction for unlawfully pursuing the occupation of a liquor dealer.

APPEAL from the County Court of Bosque. Tried below before the Hon. R. G. Childress, County Judge.

The information charged the unlicensed sale of intoxicating liquors in quantities of one quart. The appellant was convicted and fined in the sum of three hundred dollars.

An agreed statement of facts disclosed that appellant was a farmer residing in Coryell county; that he had never followed the occupation of selling liquor; that, on the day alleged in the information, he sold four bottles of medicated bitters; that said bitters was an intoxicant when drunk in sufficient quantities, and that the proper authorities had levied a tax for following the occupation of selling intoxicating liquors in Bosque county.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE.    Defendant was convicted upon an information charging him with pursuing the occupation of selling intoxicating liquors in quantities of one quart, without first obtaining a license therefor, said occupation being taxable, etc.    The evidence proved that he sold four bottles of *medicated bitters* on the same day, and had never sold, or offered to sell, any other liquors within the knowledge of the witnesses; that the bitters

sold were intoxicating liquors; that defendant resided in Coryell county, and was by occupation a farmer.

The court charged the jury, in effect, that the defendant had violated the law; that a single sale of intoxicating liquors constituted the offense charged. We think this was error. This information is brought under Article 110 of the Penal Code, which reads: "Any person who shall pursue or follow any occupation, calling or profession, or do any act taxable by law, without first obtaining a license therefor, shall be fined," etc. A single sale of intoxicating liquors would not of itself constitute pursuing or following the occupation of a liquor dealer. " Occupation " as used in this statute, and as understood commonly, would signify vocation, calling, trade; the business which one principally engages in to procure a living or obtain wealth. It is not the *sale* of the liquor that constitutes this offense. It is the *engaging in the business of selling without paying the occupation tax.* It does not require even a single sale to constitute the offense, for a person may *engage in the business* without *succeeding* in it even to the extent of one sale. So, on the other hand, a person may make occasional sales of liquor without pursuing or following, or intending to pursue or follow, the occupation of selling liquor. We think the charge of the court was manifestly wrong, and we are furthermore of the opinion that the evidence fails to show that the defendant did unlawfully pursue the occupation of selling intoxicating liquors, as charged in the information. (See Acts Seventeenth Leg., pp. 21–112; *La Norris* v. *The State*, 13 Texas Ct. App., 33.)

If, however, on another trial, facts are proved which tend to show that the defendant had engaged in the business or occupation of selling medicated bitters, the court should submit that question to the jury, to be determined by them from all the evidence in the case. It is a question of *fact*, and not a question of *law*, as to what constitutes the pursuing or following an occupation.

Because the court erred in its charge to the jury, and because the evidence does not support the verdict, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered May 28, 1884.